IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EDWARD TYRONE RIDLEY, | : | |
| Petitioner | : | |
| | : | NO. 1:07-CV-72 (WLS) |
| VS. | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| ANDY SELLERS, Superintendent,[1] | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| Respondent | : | **O R D E R** |

*Pro se* petitioner **EDWARD TYRONE RIDLEY**, an inmate currently confined in the Central Probation Detention Center in Cadwell, Georgia, has filed a petition for writ of habeas corpus and amended petition pursuant to 28 U.S.C. § 2254 (both with numerous attachments). Petitioner has also filed several motions, one of which appears to assert claims under 28 U.S.C. § 2241 (Tab # 12). His motions to proceed *in forma pauperis* are **GRANTED** (Tab #s 6 & 13). The remaining motions are **DENIED** as either moot (Tab # 11) or premature (Tab #s 12 & 15).

Although his filings are extremely unclear, petitioner appears to allege that his probation on a 2004 theft by receiving stolen property conviction was revoked improperly. He also appears to challenge the execution of his sentence. Based on petitioner's numerous submissions, the Court cannot determine whether the petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d

---

[1] Petitioner originally brought this petition against Sheriff Donnie Haralson and Detective Tamara Sears. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the appropriate respondent in this action is the " the state officer having custody of the applicant," or Andy Sellers, the Superintendent of Central Probation Detention Center. The Clerk of Court is **DIRECTED** to substitute Superintendent Sellers for Haralson and Banks as the respondent.

782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). Nevertheless, the Court will allow this action to go forward at this time.

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, the petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition and said amendment.

IT IS FURTHER ORDERED that the respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the respondent shall move for the petition to be dismissed or shall explain in writing to the court why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the court. Unless and until the petitioner demonstrates to this court that the state habeas court's factfinding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this order shall be served by the Clerk by certified mail on the respondent and on the Attorney General of the State of Georgia. The Clerk of the Court is further directed to serve a copy of this order upon the petitioner.

The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 24th day of May, 2007.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE