IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **EDWARD TYRONE RIDLEY,** : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 1:07-CV-72(WLS) |
| : | |
| **ANDY SELLERS, Superintendent,** : | |
| : | |
| Respondent. : | |

**ORDER and RECOMMENDATION**

This is a § 2254 petition seeking Federal habeas corpus relief brought by a Petitioner who must be considered to be a recreational filer. A search on PACER reveals that since 1996, Petitioner has filed at least twenty-three civil actions in the Federal Courts of Florida and Georgia. Additionally, it appears that since the instant action was filed on May 24, 2007, Petitioner has filed a total of twenty-two motions herein, nine of which remain pending and will be addressed in this Order and Recommendation.

Also pending is Respondent's motion to dismiss the petition as being untimely filed pursuant to the pertinent provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as well as for Petitioner's failure to exhaust his available state court remedies prior to seeking Federal habeas relief. Respondent's motion to dismiss was filed earlier than the nine pending motions filed by the Petitioner and will therefore be considered first.

*Respondent's Motion to Dismiss*

In April 1996 the Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective. One of the many changes this act made to federal habeas corpus practice was the establishment of a time period by which a federal petition seeking the issuance of the writ of

habeas corpus must be filed or be forever time barred. Title 28 U.S.C. § 2244 states in pertinent part:

> (d)(1)[1] A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> . . . .
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In July 2005, Petitioner pled guilty in Crisp County, Georgia for failure to register as a sex offender for which he received a probated sentence of three years (case # 05R-158, Respondent's Exhibit 1). Pursuant to Georgia law petitioner had thirty days in which to seek a direct review of his conviction, or until on or about August 21, 2005 (O.C. G. A. § 5-6-38). Petitioner did not seek a direct appeal of his conviction which thus became final on that date. Pursuant to § 2244(d)(1)(A), Petitioner had until approximately August 20, 2006, to file this petition or it would be time barred unless tolled by § 2244(d)(2). Petitioner did not toll the running of the one year limitations period by filing a State habeas petition within that time. This petition, filed on or about May 24, 2007, is thus clearly untimely. For these reasons it is the

---

[1] 28 U.S.C. § 2244(d)(1) also contains sub-part (C) which is not germane to this recommendation and therefore not quoted above.

**RECOMMENDATION** of the undersigned that the Respondent's motion to dismiss the petition as untimely filed be **GRANTED.** Petitioner invoked no State post-conviction remedies as to this conviction. Therefore it is equally clear that he has failed to exhaust prior to seeking Federal habeas relief, making dismissal appropriate for that reason as well. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Petitioner's Remaining Motions*

In view of the above and foregoing Recommendation that this petition be dismissed as untimely, the Petitioner's remaining motions have been rendered moot and are therefore Recommended and/or ordered **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 18th day of September 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE